**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-2605-WJM-NRN

JULIE REISKIN, and
COLORADO CROSS-DISABILITY COALITION,

     Plaintiffs,

v.

GREYHOUND LINES, INC.,

     Defendant.

---

**ORDER ADOPTING NOVEMBER 16, 2021 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the November 16, 2021 Report and Recommendation of United States Magistrate Judge N. Reid Neureiter (the "Recommendation") (ECF No. 57) that the Court deny Julie Reiskin and Colorado Cross-Disability Coalition's (jointly, "Plaintiffs") Motion for Leave to File Amended Class Action Complaint and Join Party ("Motion to Amend") (ECF No. 43).  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Plaintiffs filed an objection to the Recommendation ("Objection") (ECF No. 60), to which Defendant Greyhound Lines, Inc., ("Greyhound") responded ("Response") (ECF No. 62).  For the reasons set forth below, Plaintiffs' Objection is overruled and the Recommendation is adopted in its entirety.

## I. RULE 72(B) STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.* at 1059.  In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate."  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

## II. BACKGROUND

In their Complaint, Plaintiffs allege that Greyhound has historically operated its bus services with inadequate wheelchair lifts, inadequate maintenance of those lifts, and inadequate employee training and corporate policies about how to address lift failures.  (ECF No. 1 ¶ 8.)  Plaintiffs allege that Plaintiff Reiskin was subjected to all of these deficiencies on August 28, 2018, when, due to poor training and an inoperable

wheelchair lift on one of Greyhound's buses, she was left stranded for hours at a bus stop in Glenwood Springs, Colorado.  (*Id.* ¶¶ 68–125.)  Based on these allegations, Plaintiff brought three claims for violations of: (1) Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–12189; (2) Sections 504 and 505 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794–794a; and (3) Parts 6 and 8 of the Colorado Anti-Discrimination Act ("CADA"), Colo. Rev. Stat. §§ 24-34-601–605, 801–805.  (*Id.* ¶¶ 33–46.)

On November 10, 2020, Judge Neureiter issued a Scheduling Order that set the deadline to join parties or amend pleadings for December 28, 2020.  (ECF No. 23 at 10.)  Plaintiffs filed several motions to modify the Scheduling Order.  (*See* ECF Nos. 26, 30, 33.)  The Court granted the first three motions, but in granting the third the Court warned the parties that "[n]o further extensions of time will be granted absent extraordinary circumstances."  (ECF No. 37 at 1.)  Plaintiffs filed a fourth motion to extend deadlines, but after a hearing, the Court denied Plaintiff's request.  (ECF Nos. 38, 42.)  Importantly, Plaintiffs did not seek to extend joinder and amendment deadlines in any of their four motions to amend the Scheduling Order.  (*See* ECF Nos. 26, 30, 33, 38.)

On September 10, 2021, one month before the discovery cut-off, Plaintiffs filed their Motion to Amend, in which they proposed to add Desmond West as a party and to convert their original complaint into a class action.  (ECF No. 43 ¶¶ 49–63, 333–44.)  Mr. West, a resident of North Carolina, alleges that a wheelchair lift malfunction disrupted his Greyhound bus trip from New Bern, North Carolina, to Atlanta, Georgia in May of 2021.  (ECF No. 43-2 ¶¶ 230–296.)

On May 10, 2021, Judge Neureiter recommended that Plaintiffs' Motion to Amend be denied.  (ECF No. 57.)  On November 30, 2021, Plaintiffs filed their Objection, which is before the Court now.  (ECF No. 60.)

### III. LEGAL STANDARD

Courts apply a two-step analysis to determine whether to allow amendment to the pleadings after the passing of the deadline established by the scheduling order. First, the Court considers whether the moving party has shown good cause under Federal Rule of Civil Procedure 16(b) to seek modification of the scheduling order.  *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1242 (10th Cir. 2014).  Second, the Court weighs whether amendment should be allowed under Federal Rule of Civil Procedure 15(a).  *Id.*

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  This standard requires the movant to show that "the scheduling deadlines cannot be met despite [the movant's] diligent efforts."  *Id.* at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). The burden may be satisfied, for example, when the movant learns new information through discovery or if the underlying law has changed.  *Id.*  However, Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  *Colo. Visionary Acad. v. Medronic, Inc.*, 194 F.R.D., 684, 687 (D. Colo. 2000).

Rule 15 states that if the deadline for amending a pleading has passed, then "a party may amend its pleading only with the opposing party's written consent or the

court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The grant or denial of an opportunity to amend is within the discretion of the Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion." *Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Id.* (quoting *Frank v. U.S. West*, *Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

## IV. ANALYSIS

Judge Neureiter recommended that Plaintiffs' Motion to Amend be denied because under Rule 15, amendment would be unduly prejudicial to Greyhound and the court system itself.  (ECF No. 57 at 8.)  He explained that at the time he made his Recommendation, discovery had been going for more than a year and the deadline for dispositive motions was imminent.  (*Id.* at 6–7.)  He found that Plaintiffs' new allegations involved substantially different facts because Mr. West's claims arise out of events that occurred in a different part of the country and three years after the events at issue in this case.  (*Id.* at 7.)  Further, he reasoned that allowing Plaintiffs to add nationwide class action allegations or join additional parties would involve months, if not years, of additional discovery.  (*Id.*)  Thus, he concluded that if the Motion to Amend were granted, Greyhound would be unduly prejudiced because discovery would have to be reopened and expanded to encompass entirely different factual allegations and all of

Greyhound's efforts in preparing a summary judgment motion would be made moot. (*Id.*)

Plaintiffs raise several arguments in their Objection: (1) Judge Neureiter does not specify which "significant new factual issues are raised" by the new allegations (ECF No. 60 at 9); (2) joinder is appropriate because some questions of law and fact are common since the new allegations involved the same subject matter (*Id.* at 10, 14); and (3) Judge Neureiter should not have considered the dispositive motion deadline as part of his analysis (*Id.* at 14).

First, the Court disagrees with Plaintiffs' contention that Judge Neureiter did not consider whether significant new factual issues were raised in the proposed amended complaint.  (ECF No. 60 at 9.)  As discussed above, Judge Neureiter specifically noted that the allegations in Plaintiffs' proposed amended complaint arose from events that took place in a different part of the country: Plaintiff Reiskin's allegations stem from an incident in Colorado, while Mr. West's claims arose in the southeast region of the country.  (ECF No. 57 at 7.)  Further, he noted that the new claims arose three years after the original claims.  (*Id.*)  Therefore, this portion of the Objection is overruled.

Second, Plaintiffs argue that joinder is appropriate under Federal Rule of Civil Procedure 20 because Mr. West's claims have some questions of law and fact in common with Plaintiff Reiskin's claims.  (ECF No. 60 at 10, 14.)  However, the question here is not whether Plaintiffs' new factual allegations are sufficient to satisfy the requirements of permissive joinder under Rule 20; the question is whether the Court should allow Plaintiffs to amend their complaint under Rule 15 despite the fact that they filed it long after the deadline to do so had passed.  Thus, Judge Neureiter was correct

to analyze the issue under Rule 15.  Therefore, Plaintiffs' argument misses the mark, and this portion of the Objection is overruled.

Third, Plaintiffs argue that Judge Neureiter should not have considered the dispositive motion deadline as part of his analysis.  (ECF No. 60 at 14.)  Plaintiffs offer no case law to support their position, and the Court has found none.  Indeed, it is common sense that if a complaint is amended long before the dispositive motion deadline, a defendant is less likely to be prejudiced because the defendant has likely not invested significant time and effort in preparing a summary judgment motion. And conversely, if a complaint is amended near the dispositive motion deadline, the defendant's time and effort in preparing a summary judgment motion will likely be wasted.  Thus, the Court agrees with Judge Neureiter that the proximity of the dispositive motion deadline is relevant to the question of whether Greyhound would be unduly prejudiced by allowing Plaintiff to amend its complaint at this advanced stage of litigation.  Therefore, this portion of the Objection is overruled.

The Court finds no merit in Plaintiffs' objections to the Recommendation, and reviewing Plaintiffs' Motion to Amend *de novo,* the Court finds that joinder of Mr. West would unduly prejudice Greyhound, and the addition of nationwide class action claims would be even more prejudicial.  Greyhound has been preparing its defense in this case against claims arising from a single incident on August 28, 2018 in Colorado, in which Plaintiff Reiskin alleges she was discriminated against.  The proposed amended complaint involves allegations from another time and place, which would require new fact witnesses and even new corporate witnesses.  (*See, e.g.,* ECF No. 43-2 ¶¶ 402–03 (at the time of Mr. West's allegations, Kira Walker was no longer Greyhound's ADA

Coordinator, as she was at the time of Plaintiff Reiskin's allegations).)  Therefore, the Court finds that granting Plaintiffs' Motion to Amend would be unduly prejudicial to Defendant because the additional claims "raise significant new factual issues," *Minter*, 451 F.3d at 1208 (10th Cir. 2006), and the proposed amendments do not "track the factual situations set forth in [the original claims]," *Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994).

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Plaintiffs' Objection (ECF No. 60) is OVERRULED;

2.    The Report and Recommendation (ECF No. 57) is ADOPTED in its entirety; and

3.    Plaintiffs' Motion for Leave to File Amended Class Action Complaint and Join Party (ECF No. 43) is DENIED.


Dated this 29th day of June, 2022.

BY THE COURT:

William J. Martinez
United States District Judge